E-FILED
Tuesday, 10 March, 2015 02:42:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>INSPERITY GROUP HEALTH PLAN and UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:14-cv-01135-SLD-JEH |

## **ORDER**

Plaintiff OSF Healthcare System ("OSF"), doing business as Saint Francis Medical Center, is suing Insperity Group Health Plan ("Insperity") and UnitedHealthCare Insurance Company ("United") over nonpayment of a medical bill. OSF sues for recovery of benefits under a provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Before the Court is Insperity's Rule 12(b)(6) Motion to Dismiss, also requesting oral argument. ECF No. 13. For the following reasons, Insperity's Motion to Dismiss is DENIED, along with the request for oral argument.

## **BACKGROUND[1]**

Michael Gray had health insurance coverage through Insperity, an employee medical benefit plan.[2] Compl. 2, ¶ 7. OSF provides medical services via a hospital in Peoria, Illinois.

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, the material set forth here is based on allegations in the Complaint, ECF No. 1, and the Exhibits appended thereto. *See Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) (stating that "the district court is entitled to consider exhibits attached to the complaint as part of the pleadings").

1

*Id.* at 1, 3; ¶¶ 1, 13. On or around November 8, 2011, Gray was transported to OSF from another hospital because the other hospital was unable to provide Gray with appropriate care for septicemia, acute respiratory failure, and pulmonary collapse. *Id.* at 1, 3; ¶¶ 2, 13. OSF provided medical services to Gray until December 23, 2011. *Id.* at 1, ¶ 2. Gray assigned his benefits under his health plan to OSF. *Id.* at 6, ¶ 27; Compl. Ex. G ¶ 3, ECF No. 1–5. The cost of the services OSF provided over this time was $506,209.30. Compl. 2, ¶ 4.

Insperity had contracted with United, an insurer, to provide health benefits to Gray. Compl. 8, ¶ 10; *see* Compl. Ex. C., ECF No. 1-5 at 1. United was designated as the Claims Administrator for the benefits it provided, with the power to "decide questions relating to benefit claims and appeals." Compl. Ex. B, Administaff Group Health Plan, 3.1; ECF No. 1. OSF submitted requests for payment. Compl. 2, ¶ 10. United refused to pay the entire amount requested, because OSF was a "non network health care provider." *Id.* at 2–3, ¶ 11. OSF repeatedly appealed the decision with United, which repeatedly refused to pay the requested sum. *Id.* at 4–5, ¶¶ 22–23. Ultimately, OSF recovered $97,588.04 of the outstanding amount. *Id.* 2 ¶ 6. OSF now seeks the remaining $408,621.26 from Insperity and United. *Id.* at 6, 12.

## LEGAL STANDARD

### I. Motion to Dismiss

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than

---

[2] Insperity was at one point known as "the Administaff Group Health Plan," but changed its name. Resp. Mot. Dismiss Mem. 8, ECF No. 18.

conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

## II. ERISA

ERISA "provides 'a panoply of remedial devices' for participants and beneficiaries of benefit plans."[3] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989) (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)). One of these, 29 U.S.C. § 1132(a)(1)(B), allows a beneficiary of a plan "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan . . . ." This provision is "essentially a contract remedy under the terms of the plan," *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 695 (7th Cir. 2010), allowing a plaintiff to seek to enforce provisions of the plan by recovering money he believes the plan has obligated itself to pay. The rules of contractual interpretation governing § 1132(a)(1)(B) claims come from "a body of federal common law tailored to the policies of ERISA." *Mathews v. Sears Pension Plan*, 144 F.3d 461, 465 (7th Cir. 1998). In order to permit such claims, "ERISA departs from the common law of trusts" by allowing plans to sue and be sued. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 914 (7th Cir. 2013); 29 U.S.C. § 1132(d).

---

[3] An ERISA plan is "a set of rules that define the rights of a beneficiary and provide for their enforcement. Rules governing collection of premiums, definition of benefits, submission of claims, and resolution of disagreements over entitlement to services are the sorts of provisions that constitute a plan." *Pegram v. Herdrich*, 530 U.S. 211, 223 (2000). Plans must be established pursuant to a written instrument that "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1).

Because an ERISA beneficiary makes his contract with a plan, "[t]he proper defendant in a suit for benefits under an ERISA plan is . . . normally the plan itself . . . ." *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011). However, §1132(d)'s grant of permission to sue a plan is not an exclusive one; other entities may be sued to enforce plan benefits under ERISA, if a plaintiff has a valid legal theory of liability. *Larson*, 723 F.3d at 915. In particular, in the common situation "where the plaintiff alleges that she is a participant or beneficiary under an insurance-based ERISA plan and the insurance company decides all eligibility questions and owes the benefits, the insurer is a proper defendant in a suit for benefits due under § 1132(a)(1)(B)." *Id.* at 915–16.

## **ANALYSIS**

Insperity argues that it is not a proper party to this case because it merely contracted for United to provide Gray's health insurance benefits, and "had no role whatsoever in the benefits decision at the heart of the case." Mot. Dismiss 1. Insperity takes the position that the Seventh Circuit's 2013 decision in *Larson v. United Healthcare Insurance Co.* inverted an "old rule" of ERISA benefits liability, under which only a plan could be sued for ERISA benefits, by making a plan's *insurer* the only proper party to cases where the insurer is solely responsible for deciding benefits. *Id.* at 5. However, Insperity misconstrues the scope of *Larson*'s ruling.

*Larson* was a putative class action where the plaintiffs sued six insurers under §1132(a)(1)(B) and another provision of ERISA, arguing that their the insurers' copayment rules for chiropractors were illegal under Wisconsin law. *Larson*, 723 F.3d at 908. Plaintiffs did not sue the plans through which they received their insurance benefits, and the district court dismissed on the ground that "insurance companies are not proper defendants on an ERISA claim for benefits . . . ." *Id.* On appeal, the Seventh Circuit affirmed on other grounds, but

4

explained that, despite a "general rule" that ERISA benefits claims should be brought against plans, "nothing in ERISA categorically precludes a benefits claim against an insurance company." *Id.* The court reasoned that, even though there was no privity of contract between the beneficiary and the insurer—because the plan, not the beneficiary, had contracted with the insurer—the insurers, which were obligated to pay the beneficiaries, could still be sued on ERISA claims. "[A] cause of action for 'benefits due' [under ERISA] must be brought against the party having the obligation to pay . . . . In other words, the *obligor* is the proper defendant on an ERISA claim to recover plan benefits." *Id.* at 913 (emphasis in original).

Insperity, perhaps prompted by the Seventh Circuit's use of the definite article ("the proper defendant" rather than "a proper defendant"), construes *Larson* as restricting liability solely to the obligor. Mot. Dismiss 5–6. But the very reasoning by which the Seventh Circuit ruled that insurers could be liable depends on the original and continuing liability of the plans that contract with insurers.

Insurer liability "fits with the common-law contract principles that guide the interpretation of § 1132(a)(1)(B). 'Under settled principles of federal common law, a third party may have enforceable rights under a contract if the contract was made for his direct benefit.'" *Larson,* 723 F.3d at 913 (quoting *Holbrook v. Pitt*, 643 F.2d 1261, 1270 (7th Cir. 1981)). Beneficiaries are such third parties. Beneficiaries contract with plans to receive benefits. Plans then pay insurers for their promise to fulfill an obligation the plans owe to beneficiaries. In the language of contract law, the insurance companies are promisors, the plans promisees, and beneficiaries the third parties in whom the enforceable right is created. *Restatement (Second) of Contracts* § 304 (1981). But the promisee plans remain liable to the beneficiaries, because of the original contractual relationship created between beneficiary and plan, and because, under the

5

law of contracts, a party who contracts with another to pay a debt remains surety for that debt. *See id.* ("Where the performance of the promise will satisfy the obligation of the promise to pay money to the beneficiary, the promisee is surety for the promisor"); *Holbrook*, 643 F.2d at 1271 n.17.

Nothing in *Larson* narrows or abrogates the right of action against ERISA plans, which by hypothesis have obliged themselves to beneficiaries. *Larson* just makes clear how wide the right to suit under ERISA is. *Larson* applies the federal common law of contracts to decide that where "the § 1132(a)(1)(B) claim rests on contract obligations running directly from the insurers to the [beneficiaries] . . . [t]he insurance companies are the obligors and *may* be sued under ERISA for benefits due the [beneficiaries]." 723 F.3d at 913 (emphasis added). Because § 1132(a)(1)(B) "does not specify who may be sued . . . [it does not] limit 'the universe of possible defendants'; indeed, it 'makes no mention at all of which parties may be proper defendants.'" *Id.* (quoting *Harris Trust. & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 246 (2000)). *Larson* is a clear explanation of one theory of legal liability by which a party other than an insurer may be sued under ERISA. In this respect, it is not a departure from an "old rule," but one in a series of Seventh Circuit cases clarifying the allowable identities of ERISA defendants beyond just plans. *See Leister v. Dovetail, Inc.*, 546 F.3d 875, 879 (7th Cir. 2008) (explaining that ERISA's provision that plans may be sued does not seem "to be limiting the class of defendants who may be sued"); *Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001) (holding that plan administrator was a proper defendant where administrator corporation was "closely intertwined" with plan); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) (permitting suit to proceed where plan administrator referred to in plan documents "nearly interchangeably" with plan was named instead of plan).

Here, Plaintiff alleges in Count 1 that Gray was a member of a health plan, Insperity, Compl. 2, ¶ 7, and that Insperity provided coverage for Gray on the dates in question, *id.* ¶ 9. That United, an insurance company providing services under the health plan, was responsible for determination of benefits and payment of claims just means that United is also amenable to suit under ERISA, as Insperity wisely does not dispute. Insperity's claim that "the Plan documents . . . belie OSF's assertion that the Plan is responsible for payment of benefits" is correct in one sense but mistaken in another. Mot. Dismiss 6. The documents attached to the Complaint do reveal that United insured and adjudicated OSF's claim for plan benefits. Compl. Ex. C. But the plan documents also reveal that Insperity obligated itself to Gray, and subsequently to OSF to provide health benefits. *See* Administaff Group Health Plan, Ex. B.

The parties disagree about out-of-circuit precedent, which is of course not binding on the Court, but is entitled to "respectful consideration." *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994). Most relevant is *Cyr v. Reliance Standard Life Insurance Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc), which *Larson* cites approvingly. 723 F.3d at 916. *Cyr* held that "potential defendants in actions brought under § 1132(a)(1)(B) should not be limited to plans and plan administrators . . . ." *Cyr,* 642 F.3d at 1206. This accords with *Larson*.

Insperity cites a district court case from the Ninth Circuit construing *Cyr* to authorize dismissal of a fully insured plan where the insurer made all benefit decisions. *Cox v. Allin Corp. Plan*, No. C 12-5880 SBA, 2013 WL 1832647, at *4 (N.D. Cal. May 1, 2013). However, the *Cox* court determined, based on the facts alleged, that "neither of the Dell Defendants [which included the benefit plan] was the party responsible for resolving and paying Plaintiff's benefit claims." *Id.* In the instant case, as explained above, Insperity does bear a responsibility for

paying Plaintiff's benefit claims.[4] The other case that Insperity cites, from the Eleventh Circuit, does indeed stand for the proposition that because "the Plan is administered through an insurance contract purchased from [an insurer]," the plan was not a proper party to the case. *Sanderson v. Cont'l Cas. Corp.*, 279 F. Supp. 2d 466, 478 (D. Del. 2003). Insofar as this was the *Sanderson* court's holding, this Court declines to follow it, agreeing with *Spears v. Liberty Life Assurance Co. of Boston*, 885 F. Supp. 2d 546, 556 (D. Conn. 2012), which also declined to follow *Sanderson*, that "provisions of [ERISA] 'make plain that a plan can be held liable in its own name for a money judgment'" even when it is fully insured. *Id.* (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509 (2d Cir. 2002)).

In any event, the parties did not offer, nor was the Court able to find, any in-circuit authority construing *Larson* to limit or abrogate plan liability when a plan is fully insured.

Because OSF has alleged credible facts sufficient to give rise to the inference that Insperity is liable under 29 U.S.C. § 1132(a)(1)(B), dismissal is not appropriate.

## **CONCLUSION**

Accordingly, Defendant Insperity's Motion to Dismiss, ECF No. 13, is DENIED.

Entered this 10th day of March, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[4] It does appear that the *Cox* court drew the conclusion that the plan in this case was not a proper party just because it assigned to its insurer the full authority to grant or deny benefits. *Cox* at *4. Insofar as this Court draws different legal conclusions about the kind of obligations plans have to their beneficiaries, it does differ from *Cox*. However, this Court is in agreement with *Cox* insofar as *Cox* held that § 1132(a)(1)(B) liability accrues to those parties who owe benefits to beneficiaries under ERISA.